IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 109-133 |
| | ) | |
| ALFONSO ALVEREZ BANDA | ) | |

# ORDER

Before the Court are the various pre-trial and discovery motions filed by Defendant Alfonso Alverez Banda. The United States of America, by and through its attorney, Joseph D. Newman, Acting United States Attorney, and Patricia Green Rhodes, Assistant United States Attorney, has filed a combined response to these motions.

## **GENERAL DISCOVERY MOTION**

As to Defendant's general discovery requests, the government responds that it has provided Defendant "open file" discovery in this case. The government has provided Defendant with discovery materials consisting of the investigative reports, scientific reports (if any), and other documents material to this case (attorney and agent work product excepted). (Doc. no. 40, p. 1). All known statements by Defendant have also been produced, as has his criminal record. (Id. at 2). Accordingly, the Court finds that the position of the United States Attorney in permitting full disclosure of the government's file pertaining to this case renders Defendant's discovery requests **MOOT**. (Doc. no. 27).

However, to ensure that Defendant's requests are in fact covered by the government's disclosures, the Court hereby requires counsel for Defendant to submit not later than five (5) days from the date of this Order a written statement describing any existing disputes or unresolved items that have not been specifically addressed elsewhere in this Order. The statement should detail the specific items sought and should include a memorandum of law.

Defense counsel is reminded that dissemination of discovery material beyond that necessary to the preparation of the defense is prohibited by Loc. Crim. R. 16.1.

Any discovery material turned over to Defendant shall be maintained by Defendant and not further disseminated. <u>Failure to comply with the terms of this Order may result in contempt proceedings</u>. Further addressing Defendant's specific requests for disclosure:

1. **NOTICE OF EVIDENCE SUBJECT TO SUPPRESSION:**

The purpose of this request is to give Defendant advance notice of any arguably suppressible evidence which will be used at trial. In this case, the attorney for the government has granted liberal discovery, giving Defendant access to the government's investigative file. This discovery should eliminate the possibility of surprise at trial. Therefore, the request is **DENIED**.

2. **NOTICE OF OTHER CRIMES OR UNCHARGED MISCONDUCT:**

A separate motion was filed seeking this same discovery; therefore, this request is addressed below.

3. **DEFENDANT'S STATEMENTS:**

In light of the government's liberal discovery policy, and in light of the government's disclosure that all known statements by Defendant have been produced, (doc. no. 40, p. 2), this request is **MOOT**.

4. **"CATCHALL" HEARSAY EXCEPTIONS:**

The Court trusts that counsel for the government is thoroughly familiar with the notice requirements of Rule 807 and will provide such notice to Defendant.

5. **CO-CONSPIRATOR HEARSAY EXCEPTIONS:**

Defendant seeks an order compelling the government to disclose all co-conspirator statements. In support of his request, Defendant argues that the language of Fed. R. Crim. P. 16(a)(1)(A), which requires disclosure of any relevant "statement made by the defendant(s)," mandates disclosure of co-conspirator statements, since those statements are imputed to Defendant under Fed. R. Evid. 801(d)(2)(E). Unfortunately for Defendant, the Eleventh Circuit has ruled that these independent provisions cannot be read *in pari materia*. United States v. Orr, 825 F.2d 1537, 1541 (11th Cir. 1987) (*en banc*) (adopting the reasoning of United States v. Roberts, 811 F.2d 257, 258 (4th Cir. 1987) (*en banc*)). The policy underlying nondisclosure of co-conspirator statements rests firmly on the belief that disclosure would unnecessarily promote both the intimidation of witnesses and attempts to suborn perjury. Roberts, 811 F.2d at 259 (citing United States v. Jackson, 757 F.2d 1486, 1493 (4th Cir. 1985) (Wilkinson, J, concurring)). The Jackson concurrence correctly noted that nothing in Fed. R. Crim. P. 16(a)(1)(A), can be read to require disclosure of co-conspirator statements and that decisions relied on by the defendant justifying discovery of

3

such statements as "vicarious admissions" of defendants "make one person out of two and beg the question of undue pressure which may result." Jackson, 757 F.2d at 1493. Rule 16(a)(1)(A) requires the government to disclose "the substance of any relevant oral statement made by the defendant." Any discovery of co-conspirator statements must be pursuant to the provisions of the Jencks Act, 18 U.S.C. § 3500, or not at all. Roberts, 811 F.2d at 259. Therefore, Defendant's request for disclosure of co-conspirator statements is **DENIED**.

6. **DEFENDANT'S PRIOR RECORD:**

The government has responded that it has provided Defendant's known criminal record to him in discovery. (Doc. no. 40, p. 2). This request is therefore, **MOOT**.

7. **DOCUMENTS AND TANGIBLE OBJECTS:**

The government has indicated its willingness to comply with this request, and Defendant's request is therefore, **MOOT**.

8. **WITNESS NAMES AND ADDRESSES:**

Defendant requests that the government be ordered to furnish a complete list of witnesses and their addresses. In non-capital cases such as this case, a defendant is generally not entitled to a list of government witnesses. United States v. Massell, 823 F.2d 1503, 1509 (11th Cir. 1987); United States v. Johnson, 713 F.2d 654, 659 (11th Cir. 1983); United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1981). However, as a practical matter, it would appear that Defendant will be receiving much of this information because of the government's liberal discovery policy and because of the government's obligation to disclose Jencks or Brady material. This, in essence, moots Defendant's request. While this Court retains the right to exercise its discretion in permitting Defendant to have access to a list of

4

government witnesses, at most the government would be required to comply with his request not more than ten (10) days prior to trial. Therefore, this request is **DENIED**.

9. **CRIMINAL RECORDS OF ALL WITNESSES:**

Defendant seeks disclosure of prior criminal conduct and uncharged bad acts of all witnesses. The Confrontation Clause guarantees a criminal defendant an opportunity to impeach through cross examination the testimony of witnesses for the prosecution. United States v. Yates, 438 F.3d 1307, 1318 (11th Cir. 2006) (*en banc*); United States v. Lyons, 403 F.3d 1248, 1255-56 (11th Cir. 2005); United States v. Novaton, 271 F.3d 968, 997 (11th Cir. 2001); United States v. Baptista-Rodriguez, 17 F.3d 1354, 1370 (11th Cir. 1994). This right is not, however, unlimited. While Fed. R. Evid. 608(b) allows cross examination of a witness as to specific instances of misconduct, the government does not have a duty to investigate each witness. This Rule must also be construed to limit cross examination to those acts of conduct "which are generally agreed to indicate a lack of truthfulness." 4-608 Weinstein's Federal Evidence § 608.22. The types of acts which satisfy this strict test are forgery, bribery, cheating, embezzlement, false pretenses, fraud and perjury. Id. Moreover, the government has stated its willingness to provide, seven (7) days prior to trial, rap sheets or criminal convictions of witnesses which the government learns about and which could properly be used for impeachment under Fed. R. Evid. 609. (Doc. no. 40, pp. 1-2). Beyond the government's continuing duty to disclose under Brady v. Maryland, 373 U.S. 83 (1963), and the parameters discussed herein, Defendant's request is **DENIED**.

10. **WRITTEN STATEMENTS OF PERSONS NOT CALLED AS WITNESSES:**

Defendant argues that pursuant to Fed. R. Crim. P. 16 (a)(1)(C), he is entitled to

disclosure of statements of witnesses the government does not intend to call as witnesses.[1]

The Court disagrees. Rule 16(a)(1)(E) provides:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> > (i) the item is material to preparing the defense;
> > (ii) the government intends to use the item in its case-in-chief at trial; or
> > (iii) the item was obtained from or belongs to the defendant.

Under this Rule, a defendant is entitled to discover certain materials if they are either (1) material to the preparation of the defense, or (2) intended by the government to be used as evidence, or (3) were obtained from the defendant. Fed. R. Crim. P. 16(a)(1)(E). However, this Rule is qualified and limited by Rule 16(a)(2), which provides:

> Except as Rule 16(a)(1) provides otherwise, this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.

It can be seen that Rule 16(a)(2) prevents the "discovery or inspection of statements made by government witnesses except as provided in 18 U.S.C. § 3500." Even if the statements satisfy one of the requirements of Rule 16(a)(1)(E), discovery by a defendant is still barred by Rule 16(a)(2) unless those witnesses will testify at trial. In that case, the statements would be discoverable pursuant to the Jencks Act. See generally United States v. Schier, 438 F.3d

---

[1] It appears that Defendant may have actually intended to reference Rule 16(a)(1)(E). The rule cited, Rule 16(a)(1)(C), applies to an organizational defendant. There is no such defendant in this case.

6

1104, 1112 (11th Cir. 2006) (reviewing requirements for disclosure of statements of witnesses testifying at trial and explicitly noting that "Jencks Act does not apply to the statements of non-testifying witnesses"). The statements of persons the government does not intend to call as witnesses at trial amount, therefore, to nothing more than internal memoranda, discovery of which is not permitted pursuant to the explicit mandate of Rule 16(a)(2). If the statements are not otherwise discoverable pursuant to the rule in Brady v. Maryland, 373 U.S. 83 (1963) and its progeny and no showing of materiality is made, they are not discoverable at all.

11. **INFORMANT'S NAME, IDENTITY AND WHEREABOUTS:**

Counsel for Defendant seeks the disclosure of the identity of any informants whose testimony the government intends to use at trial. Where the informant was not an active participant in the criminal activity, disclosure is not required. Roviaro v. United States, 353 U.S. 53, 61-63 (1957); United States v. Gutierrez, 931 F.2d. 1482, 1490-91 (11th Cir. 1991); United States v. Parikh, 858 F.2d 688, 696 (11th Cir. 1988) ("factor of primary importance in striking balance (enunciated in Roviaro) is the degree of participation exercised by the informant"); United States v. Moreno, 588 F.2d 490, 494 (5th Cir. 1979) (requiring "more than speculation about the possible usefulness of an informant's testimony" and explaining that mere "possibility of obtaining relevant testimony is too remote to require disclosure [of informant]"). The government must disclose the identity of any informant who played an active role in the criminal activity charged against Defendant at least fourteen (14) days prior

7

to trial.[2] Such disclosure will ensure an adequate opportunity for Defendant to prepare for trial and obviate any need for an *in camera* showing by the government pursuant to Fed. R. Crim. P. 16(d). See United States v. Kerris, 748 F.2d 610, 614 (11th Cir. 1984) (*per curiam*) (re-iterating circuit precedent that *in camera* hearing not automatically required when informant identity requested). Defendant's request for discovery of informants is therefore, **GRANTED**, as set forth herein.

12. **REPORTS AND CONCLUSIONS OF SCIENTIFIC TESTS OR ANALYSIS:**

Defendant requests the production of all written reports of any scientific analysis or chemical analysis conducted by the government. The government states that if any scientific tests were conducted and the results are available, those results have been included in the discovery materials. (Doc. no. 40, p. 2). The government further states, that if any such tests are conducted in the future, the results will be provided upon their receipt. (Id.). Therefore, this request is **MOOT**.

13. **EXEMPLARS OF TESTS, FINGERPRINT IMPRESSIONS:**

Defendant requests the production of any handwriting or voice exemplars, fingerprint impressions, or other materials obtained by whatever means or process which the government intends to offer into evidence. The government states that if any scientific tests were conducted and the results are available, those results have been included in the discovery materials. (Id.). The government further states, that if any such tests are

---

[2]If defense counsel determines that he needs to apply for subpoenas based on information provided about an informant, this 14-day time period will allow counsel sufficient time to comply with this Court's instructions (doc. no. 7, p. 3) to apply for subpoenas no later than ten (10) days prior to trial.

conducted in the future, the results will be provided upon their receipt. (Id.). Therefore, this request is **MOOT**.

14. **TRANSCRIPT OF GRAND JURY TESTIMONY:**

Defendant seeks disclosure of grand jury proceedings, including a transcript thereof. "A defendant must show 'particularized need' to justify infringement of the secrecy surrounding a grand jury. . . . Unsubstantiated allegations of grand jury manipulation do not satisfy the 'particularized need' standard." United States v. Cole, 755 F.2d 748, 758-59 (11th Cir. 1985); United States v. Tucker, 526 F.2d 279, 282 (5th Cir. 1976) (showing of need justifying disclosure of grand jury transcripts must include more than an unsubstantiated assertion of impropriety); see also United Kingdom v. United States, 238 F.3d 1312, 1321-22 (11th Cir. 2001) (recognizing that Eleventh Circuit precedent requires showing of "particularized need" to obtain disclosure of protected grand jury materials). Defendant has expressed a general desire to review those records but has not even attempted to show a need for them. Accordingly, the request for disclosure of grand jury proceedings is **DENIED**.[3]

15. **DEMAND FOR EXCULPATORY EVIDENCE:**

Defendant seeks the disclosure of exculpatory and impeaching information in accordance with the principles of Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972). To some extent, Defendant's request exceeds the scope of Brady. Brady material includes information that is favorable to a defendant and material

---

[3]Despite denying Defendant's request, it appears that he may well obtain the information from the government by virtue of the government's stated intent to provide Jencks Act material, including the grand jury transcript, seven (7) days prior to trial. (Doc. no. 40, p. 1).

9

to the issues of guilt or punishment. Brady, 373 U.S. at 87; United States v. Agurs, 427 U.S. 97 (1976). This request is **GRANTED** to the extent that the government must provide all Brady material to Defendant within five (5) days of the date it is received or its existence becomes known. With regard to impeaching information, the government must disclose this information seven (7) days prior to trial.

16. **SUBSTANCE OF PROMISES OR PLEA BARGAINS BETWEEN WITNESSES AND GOVERNMENT:**

    In light of the government's liberal discovery policy, this request is **MOOT**.

## MOTION FOR DISCLOSURE OF ELECTRONIC SURVEILLANCE

In this motion, Defendant seeks the disclosure of all electronic surveillance. The government has indicated that there was no electronic surveillance conducted pursuant to 18 U.S.C. §§ 2515 or 3504, and otherwise, all recordings of any criminal transaction have been provided. (Doc. no. 40, p. 7). Therefore, the motion for disclosure of electronic surveillance is **MOOT**. (Doc. no. 23).

## MOTION TO ALLOW PARTICIPATION IN VOIR DIRE

This motion is **GRANTED** (doc. no. 25), subject to the following terms and conditions:

(a) Unless otherwise directed by the presiding District Judge, counsel must submit to the Court, not later than seven (7) days prior to trial, a list of questions which they desire to ask prospective jurors;

(b) Counsel shall take notes and avoid asking duplicative questions, unless additional clarification from a prospective juror is needed; and

10

(c) Counsel must address the array in the same order which the Court will later formulate for use at trial during the cross-examination of the government's witnesses.

### MOTION FOR NOTICE BY THE GOVERNMENT OF THE INTENTION TO RELY UPON OTHER CRIMES EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)

Defendant filed a motion seeking the government to give notice of its intention to use at trial evidence of "other crimes, wrongs or acts" under Fed. R. Evid. 404(b). The Local Rules provide:

> As soon as practicable after the defendant's arraignment, and in any event no more than twenty (20) days after the arraignment (unless the Court directs otherwise), the United States Attorney shall serve upon counsel for the defendant a written notice of any direct or circumstantial evidence of other crimes, wrongs, or acts of the defendant, or specific instances of conduct or criminal convictions of the defendant, which the Government intends to offer into evidence through either Fed. R. Evid. 404(b) or under the theory that the evidence is so inextricably intertwined with defendant's charged offense that it should be admissible.

Loc. Crim. R. 16.2; see also Loc. Crim. R. 12.3.

In its Arraignment Order dated September 24, 2009 (doc. no. 7), the Court directed that if the government intends to use 404(b) evidence, it must make the required disclosures in accordance with the Local Rules. Accordingly, this motion requesting 404(b) disclosures, which the government has already been directed to make, is **MOOT**. (Doc. no. 26).

### MOTIONS FOR RECIPROCAL DISCOVERY and NOTICE OF EXPERT TESTIMONY

These motions filed by the government seek reciprocal discovery from Defendant under Rule 16(b) of the Federal Rules of Criminal Procedure, including a written summary of any evidence Defendant intends to offer under Fed. R. Evid. 702, 703, or 705. In light of

11

the government's willingness to provide "open file" discovery, it is entitled to this information. See Fed. R. Crim. P. 16(b)(1). Accordingly, these motions are **GRANTED**. (Doc. nos. 41-1, 41-2).

SO ORDERED this 5th day of November, 2009, at Augusta, Georgia.

*W. Leon Barfield*
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE